**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30339
Summary Calendar

_____

LEROY JOHNSON,

Petitioner-Appellant,

VERSUS

TERRY TERRELL, Warden, Etc., et al.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94 CV 3350)

_____
September 6, 1995

Before DAVIS, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[1]

Johnson appeals the district court's dismissal of his § 2254 petition.  We affirm.

I.

Leroy Johnson, a prisoner of the State of Louisiana, is serving a 30-year sentence for attempted armed robbery and attempted second degree murder.  At trial, the prosecution introduced evidence that Johnson,  wearing  a  stocking  mask  and  a  motorcycle  helmet,

_____

[1]Local Rule 47.5 provides:  "The publication  of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

approached Larry Glorioso in front of Sam's Superette store and demanded that Glorioso give him a money bag containing approximately $8,000. Glorioso resisted, and Johnson beat Glorioso severely about the head with a wrench and with the motorcycle helmet until Glorioso was able to reach his gun and shoot Johnson.

After exhausting state remedies, Johnson filed a pro se, in forma pauperis, federal habeas corpus petition asserting that his convictions for both attempted second degree murder and attempted armed robbery violate the Double Jeopardy Clause. Johnson also argued that the evidence was insufficient to support his conviction for attempted murder and that the trial court improperly charged the jury concerning the elements of attempted murder.

II.

A.

On appeal to this court, Johnson argues first that his convictions violate the Double Jeopardy Clause, which prohibits multiple punishments for the same offense. He contends that the elements of both offenses - attempted second degree murder and attempted armed robbery were proved by the "same evidence," and he was punished twice for the "same conduct."

Whether different statutes punish the same offense is determined by the standard in Blockburger v. United States, 284 U.S. 299 (1932). See also, United States v. Singleton, 16 F.3d 1419, 1422 (5th Cir. 1994). That standard requires that the two statutes be compared to determine "`whether each provision requires

2

proof of an additional fact which the other does not.'" Singleton, 16 F.3d at 1422 (quoting Blockburger, 284 U.S at 304). If "either statute contains no element not also found in the other statute," the statutes fail the Blockburger test, precluding punishment under both. Id.

Johnson concedes on appeal that he was convicted under two different statutes that required proof of different elements. Under Blockburger, even if these convictions flow from the same course of conduct, there is no violation of the Double Jeopardy Clause and Johnson's contention that his federal constitutional right was violated is without merit.

B.

Johnson's brief, liberally construed, also argues that the evidence is insufficient to support his conviction for attempted second degree murder. Specifically, he challenges the sufficiency of the evidence to prove the element of "specific intent to kill."

The appropriate standard of review in this collateral challenge, notwithstanding any state-law standard, is that enunciated in Jackson v. Virginia, 443 U.S. 307, 319 (1979): "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The elements of the offense are defined by state law. Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985).

In Louisiana, the crime of attempted second degree murder

3

requires specific intent to kill.  See State v. Allen, 571 So. 2d 758, 761 (La. Ct. App. 1990); State v. Pollard, 585 So.2d 634, 638 (La. Ct. App. 1991).  "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or his failure to act."  State v. Lindsey, 543 So. 2d 886, 902 (La. 1989) (quoting La. R.S. 14:10(1)), cert. denied, 494 U.S. 1074 (1990).

At trial, Glorioso testified that Johnson hit him over the head "rapidly" with something very hard.  Johnson called him by name and said "Larry, I'm gonna kill you."  The two men struggled, and Glorioso grabbed Johnson's wrist to stave off the wrench in Johnson's hand.  At that point, Johnson hit Glorioso with the motorcycle helmet Johnson had been wearing.  Glorioso almost lost consciousness and had to let go of the wrench.  Johnson started hitting Glorioso with the wrench again.  Glorioso managed to get to his gun and shot Johnson.

Officer Greg Clay of the New Orleans Police Department, who responded to the call, stated that Glorioso was covered with blood from his head to his shoulders.  He was holding a gun and shouting incoherently.

Glorioso was taken to the hospital and underwent approximately four hours of plastic surgery.  The plastic surgeon testified that Glorioso's wounds were life-threatening. Glorioso suffered severe trauma about the face and scalp, 15 deep cuts on his scalp down to his skull, cuts on his forehead and under the eyes, massive

4

swelling about the face, and multiple fractures of the facial bones and nose. The plastic surgeon wired the broken facial bones back together and applied approximately 100 stitches to the wounds.

Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Johnson actively desired to kill Glorioso when he administered the beating. Accordingly, the evidence was sufficient to support Johnson's conviction for attempted second degree murder.[2]

### III.

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

[2] Johnson asserts that the trial court erred in its instruction to the jury on reasonable doubt. However, Johnson did not raise this issue in the district court and we decline to address it.